Beverly A. SPENCER, Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT, Respondent.

No. 03–3310.

United States Court of Appeals, Federal Circuit.

April 12, 2004.

Beverly A. Spencer, of Counsel, Matteson, IL, for Petitioner.

Cheryl Evans, Principal Attorney, Robert E. Kirschman, Jr., David M. Cohen, Department of Justice, Washington, DC, for Respondent.

Before LOURIE, CLEVENGER and BRYSON, Circuit Judges.

PER CURIAM.

Beverly A. Spencer seeks review of the final decision of the Merit Systems Protection Board ("Board") affirming the reconsideration decision of the Office of Personnel Management ("OPM") that denied her application for a disability retirement. *Spencer v. Office of Pers. Mgmt.*, No. CH831E010648–I–1, 2003 WL 21961313 (Aug. 12, 2003). We *affirm.*

I

As the government points out in its response brief, this court has quite limited authority to review a final decision of the Board that affirms OPM's denial of a disability retirement application. In *Lindahl v. Office of Personnel Management,* 470 U.S. 768, 780, 791, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985), the Supreme Court held that the intent of Congress, as expressed in the statute that provides for disability retirement, precludes this court from reviewing the factual underpinnings of OPM's decision. Consequently, to the extent that a petitioner, such as Ms. Spencer, seeks to establish that the factual evidence does not support OPM's decision, we are precluded from addressing such contentions. Our review is limited to ascertainment of whether, in the proceedings before OPM and the Board, there has been "a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination.'" *Id.* at 791, 105 S.Ct. 1620 (quoting *Scroggins v. United States,* 184 Ct.Cl. 530, 534, 397 F.2d 295, 297 (1968)); *see also Anthony v. Office of Pers. Mgmt.,* 58 F.3d 620, 624–26 (Fed.Cir.1995).

II

In this case, the administrative judge assigned to Ms. Spencer's appeal carefully considered the evidence supplied by Ms. Spencer to support her application for a disability retirement. The government decided to rest on the record established by OPM in its reconsideration decision, where it concluded that the evidence of record failed to show a qualifying disability of Ms. Spencer. After the review of all the evidence, the administrative judge held that Ms. Spencer had failed to demonstrate error in OPM's adverse reconsideration decision.

Ms. Spencer then sought review from the full Board. In her appeal briefs, she argued that the administrative judge had erred in his finding that the medical evidence disproved the existence of a qualify-

ing disability. The Board, in denying her petition for review, rejected those fact-based contentions.

Ms. Spencer did, however, raise certain alleged procedural errors in her petition to the full Board. She claimed that the administrative judge had erred by admitting a pleading by the government agency without giving her notice of the same, and that the administrative judge had relied on that document in his decision. Ms. Spencer styled this as an impermissible *ex parte* communication. She also alleged that OPM had intentionally requested Dr. Butler to write a false report to support OPM's initial denial of her disability retirement application. When the full Board denied her petition for review, it necessarily rejected Ms. Spencer's claim of unlawful procedural error.

Ms. Spencer then timely sought review in this court, and we have jurisdiction to hear her appeal under 28 U.S.C. § 1295(a)(9).

### III

As noted above, the government reminds us of our limited authority to review disability retirement issues. We therefore cannot reach the primary thrust of Ms. Spencer's petition for review, which is that the medical record supports her case and undermines the reconsideration decision of OPM that was affirmed after full review by the Board.

But because the record displayed a possible abuse of procedural rights of the kind described in *Lindahl,* we called for and examined the complete record in the case in order to determine if the Board erred in dismissing Ms. Spencer's contentions that procedural error infected the process. We now address her procedural allegations in turn.

■ First, she contends that the agency's submission of a statement of its case, after the record had closed, amounts to an impermissible *ex parte* communication. To test that contention, we have reviewed the contents of the agency statement of the case in comparison to factual evidence that was already in the record in the file of OPM. We conclude, based on our careful review, that nothing in the belated agency statement of the case was new to the case when it was filed with the Board. Stated differently, the information contained in the agency statement of the case simply confirms information already of record, and of which Ms. Spencer was fully apprised. In such circumstances, we have held that the otherwise *ex parte* nature of the communication does not give rise to procedural error. *See Blank v. Dep't of the Army,* 247 F.3d 1225, 1229 (Fed.Cir. 2001) (noting that only *ex parte* communications that introduce new and material information to the deciding official violate the due process requirement of notice). We therefore reject Ms. Spencer's contention that the late-filed agency statement of the case satisfies *Lindahl's* test for procedural error.

■ Second, Ms. Spencer argues that the prime evidence supporting OPM's adverse decision, the report of Dr. Butler, must be rejected because it was obtained by fraudulent process. Ms. Spencer's argument is based on a statement by the OPM official who requested an examination by Dr. Butler that "[a]ny good wording for the denial letter would be helpful." From this statement, Ms. Spencer reasons that Dr. Butler was requested to, and did, issue a false and fraudulent report, in which he concluded that Ms. Spencer did not satisfy the test for a disability retirement. Ms. Spencer does not support her argument with any additional evidence, and she does not point to any steps she previously took to test the veracity of Dr. Butler's assessment of her medical condi-

tion. We think Ms. Spencer reads too much into the request by OPM for Dr. Butler's assessment. The precise question posed to Dr. Butler by OPM was: "Does the medical documentation support that this lady suffers from a disabling medical condition that causes her to be unable to perform the duties of her job position ... ? Is there any medical documentation to support that she suffers from [a qualifying disability]." The comment that good wording for the denial letter would be helpful was appended to the questions put to the doctor. In those circumstances, we cannot conclude that the doctor's report must be discarded as fraudulent.

Under 5 U.S.C. § 7703(c)(1), we must affirm the final decision of the Board unless we determine that it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. After our careful review of the entire record before the Board, we conclude that no procedural error of the kind specified in *Lindahl* undermines the Board's final decision sustaining the denial by OPM of Ms. Spencer's disability retirement application.